BLD-147                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3130
_____

RAFAEL RODRIGUEZ-PEREZ,
                                             Appellant
v.

MR. CLARK, Counselor

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-01688)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: April 13, 2011)
_____

OPINION
_____

PER CURIAM

      In August 2009, Rafael Rodriguez-Perez, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint, which he subsequently amended twice.  In each filing, he presented essentially the same claim.  Namely, he alleged that on April 5, 2007, the defendant, a prison counselor, assaulted him by grabbing his neck, slamming him

against a wall, and screaming at him when he was on his way to his job in the federal prison in Pennsylvania where he was an inmate.

On January 4, 2010, the Magistrate Judge entered an order to notify Rodriguez-Perez that it appeared that he had filed his complaint outside the limitations period. The Magistrate Judge invited him to file a brief to explain why the case should not be dismissed. The Magistrate Judge mailed the order to Rodriguez-Perez, but it was returned by the U.S. Postal Service as undeliverable. On the same day, apparently from the same address as was on file, Rodriguez-Perez submitted a letter inquiring about some papers he had filed. The Magistrate Judge then remailed the January order to him. Rodriguez-Perez submitted a letter discussing cases he had filed in other courts.

On February 11, 2010, the Magistrate Judge filed a report and recommendation. Considering the matter under 28 U.S.C. § 1915(e)(2)(B)(ii), the Magistrate Judge concluded that Rodriguez-Perez had failed to state a claim upon which relief could be granted because the complaint was barred by the applicable statute of limitations. Noting that Rodriguez-Perez had been given the opportunity to amend his complaint and had failed to state an actionable claim after two amendments, the Magistrate Judge stated that further amendment would be futile. Nonetheless, the Magistrate Judge invited Rodriguez- Perez to address the issue in objections. The U.S. Postal Service returned as undeliverable the copy of the report and recommendation sent to Rodriguez-Perez. However, after Rodriguez-Perez wrote the District Court from another address, the report and recommendation was sent to him again and he was permitted additional time to file

2

objections.   He filed a document titled "Exhibit A" in which he, among other things, described the circumstances of the alleged injury of April 5, 2007.  The District Court ordered Rodriguez-Perez to indicate whether he intended "Exhibit A" to serve as his objections, and if he did not so intend, to file objections before April 19, 2010.  That order was also returned to the District Court as undeliverable.

On May 28, 2010, the District Court adopted the report and recommendation and dismissed the amended complaint.  The District Court noted that although Rodriguez-Perez had not filed objections, it had reviewed the Magistrate Judge's report and recommendation before adopting it.  The District Court also noted that it and the Magistrate Judge repeatedly extended filing deadlines and notified Rodriguez-Perez of the necessity of participating in the litigation.  The District Court further noted that Rodriguez-Perez had not updated the court with his current address.

Rodriguez-Perez appeals.  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the dismissal of his claims.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We review the denial of leave to amend for abuse of discretion.  See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).

On review, we will dismiss Rodriguez-Perez's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it does not have an arguable basis in fact or law.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The District Court did not err in dismissing Rodriguez-Perez's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted because it was apparent from the face of the

3

complaint that the claims were time-barred.

If the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim. See Jones v. Bock, 549 U.S. 199, 215 (2007); see also, e.g., Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). The running of the statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c). However, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

In this case, Rodriguez-Perez's claims were subject to Pennsylvania's two-year statute of limitations for personal injury actions. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988); see also 42 Pa.C.S. § 5524. His cause of action accrued when he knew or should have known of the injury upon which his action is based. See Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). In this case, Rodriguez-Perez knew or should have known of any injury at the time of the alleged assault in April 2007. Because he filed his complaint more than two years later, in August 2009, his complaint was time-barred and subject to dismissal. Although the Magistrate Judge invited Rodriguez-Perez to address the statute of limitations issue in objections, he did not do so.

In short, the District Court did not err in dismissing Rodriguez-Perez's complaint

4

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court also did not abuse its discretion in declining to allow Rodriguez-Perez to amend his complaint for the third time. Not only did the District Court allow Rodriguez-Perez to amend his complaint twice, it also repeatedly tried to engage Rodriguez-Perez in the litigation even though he did not consistently update his mailing address or submit documents responsive to the issued orders. To the extent that he pressed his claim, Rodriguez-Perez sought to pursue an action based on time-barred claims that accrued in April 2007. As the District Court concluded, leave to amend was futile. For these reasons, we will dismiss Rodriguez-Perez's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).